# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 18-352-3 |
| SHARIF EL-BATTOUTY | : |

## JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

**IT IS HEREBY ORDERED THAT:**

1. As a result of the defendant's conviction of engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g) (Count One); and conspiracy to advertise child pornography, in violation of 18 U.S.C. §§ 2251(d) and (e) (Count Two), the defendant hereby forfeits to the United States all right, title and interest in: (1) any visual depiction, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which has been transported, mailed, shipped or received in violation of; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from a violation of; and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of a violation of 18 U.S.C. §§ 2252A(g), 2251(d) and (e) (Counts One and Two).

2. The Court has determined, based on the facts set forth at trial and those set forth in the record as a whole, that the following specific property is subject to forfeiture as a result of the defendant's conviction of Counts One and Two of the Superseding Indictment and that the government has established the requisite nexus between such property and such offenses:

   a) one (1) HP desktop computer, Model Touch Smart 520, serial number 2GNOH-11-00;

   b) one (1) Apple desktop computer, Model A1283, serial number YM9216SC19X;

   c) one (1) external hard drive, Model DS75AE100, serial number 1K9APV-500;

   d) one (1) Apple iPad, Model iPad-BCG E2381A, serial number V50148WMZ3A; and

   e) one (1) black Samsung cellular phone, Model Galaxy J3, serial number R28J623X9QW;

as the property that was used, or was intended to be used, to commit, or to promote the commission of the aforesaid offenses (hereinafter referred to as the "Subject Property").

  3. The defendant's interest in the Subject Property, including: (1) any visual depiction, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which has been transported, mailed, shipped or received in violation of; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from a violation of; and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of a violation of 18 U.S.C. §§ 2252A(g), 2251(d) and (e) (Counts One and Two), of which the defendant was convicted, is forfeited to the United States.

  4. Pursuant to Fed. R. Crim. P. 32.2(b)(4) the Preliminary Order of Forfeiture shall be made final, as to the defendant, at the time of his sentencing and shall be made part of the sentence and included in the judgment. See United States v. Bennett, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in the sentence and in the judgment).

  5. Upon the entry of this Order, the United States is authorized to seize the Subject Property, described at paragraph 2 above, and to dispose of the Subject Property in accordance with Fed. R. Crim. P. 32.2(b)(3).

6. Upon entry of this Order, the Attorney General or a designee, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Federal Rule of Civil Procedure 45.

7. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, of the government's intent to dispose of the Subject Property in such a manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

8. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

9. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

10. Following the disposition of any petition filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigation ("FBI"), the United States Marshals Service ("USMS") and to counsel for the parties.

ORDERED this 16th day of March, 2020.

_____
HONORABLE HARVEY BARTLE, III
Senior Judge, United States District Court